UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-25151

ROBERTO BARBARENA,

    Plaintiff,

vs.

MUNCHIE'S CAFE #2 INC and
EDUARDO ROQUE,

    Defendants.
_____/

**COMPLAINT FOR FLSA OVERTIME WAGES**

Plaintiff, Roberto Barbarena, sues Defendants, Munchie's Cafe #2 Inc. and Eduardo Roque for unpaid overtime wages, liquidated damages, and attorneys' fees as follows:

*Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Roberto Barbarena**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old. He was an employee of Defendants as the term "employee" is defined under Florida law and consents to participate in this lawsuit.

2.     **Defendant, Munchie's Cafe #2 Inc**, is a for profit Florida company that is *sui juris* and has operated its restaurant business here, in Miami-Dade County, Florida, at all times material.

3.     **Defendant, Eduardo Roque**, was and is the owner and operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

4.     Defendants were Plaintiff's direct employers, joint employers and co-employers,

1

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiff.

5. This Court has jurisdiction over Plaintiff's FLSA claims.

6. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal place of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

### *Common Background Factual Allegations*

7. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

8. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, beverages, and products that have moved through interstate commerce. Defendants cooked, prepared, and stored perishables and beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

9. Furthermore, Defendants regularly and recurrently obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

10. Defendants also advertise / market their restaurant on the internet at www.munchiescafe.net, which domain name they purchased from Wild West Domains, LLC, a foreign corporation.

2

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com   www.fairlawattorney.com

11.     Defendants operate as a joint venture and/or as "joint employers" with Munchie's Cafe, Inc., due to Munchie's Cafe, Inc. and Munchie's Cafe #2 Inc being part of the same enterprise, under the common ownership and control of Eduardo Roque, advertising the locations of restaurants on behalf of both companies on the same website (identified on paragraph 10, above), sharing marketing and customers, and so their gross annual revenues should be aggregated and they should be considered as a "joint enterprise".

12.     Defendants' annual gross revenues derived from this interstate commerce, whether for the named Defendants and/or as aggregated with the gross annual revenues of Munchie's Cafe, Inc., are believed to be in excess of $500,000.00 for the relevant time period.

13.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

14.     Plaintiff's work for Defendants as a cook was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his handling and preparing food, produce, spices, oils, rice, poultry, seafood, and beverages that have traveled through interstate commerce while also utilizing ovens, cooking utensils, cooking supplies, knives, equipment, and equipment that also traveled through interstate commerce.

15.     Plaintiff worked for Defendants from November 14, 2013 to August 16, 2016.

16.     Plaintiff routinely worked more than 40 hours per week.

17.     Defendants paid Plaintiff at an hourly rate of $8.50 for each of his reported hours worked until some time in 2015, when Defendants paid Plaintiff at a rate of $9.50 for each of his reported hours worked.

18.     Defendants paid Plaintiff in cash at all times material hereto.

3

19. Defendants failed and refused to pay Plaintiff at the rate of time and one-half of his regular rate(s) of pay for all hours worked over 40 hours in a workweek.

20. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

21. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

22. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate for all hours worked over 40 hours in a given workweek.

23. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours worked during the relevant time period.

24. Defendants cannot claim ignorance of the FLSA, as they were sued for violating it in 2015 in *Garcia vs. Munhie's Café #2, Inc. and Eduardo Roque,* S.D. Fla. Case No.: 15-CV-24373-MORENO, and so they were on notice that their time and/or pay practices were violative of the FLSA.

25. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

26. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff Roberto Barbarena, demands the entry of a judgment in his favor

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

and against Defendants, Munchie's Cafe #2 Inc and Eduardo Roque, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recovers compensatory damages for all time worked and an equal amount of liquidated damages for the past three (3) years as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recovers pre-judgment interest if the Court does not award liquidated damages,

c. That Plaintiff recovers an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recovers all interest allowed by law;

e. That Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

f. Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 12th day of December, 2016.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:   305.230.4884
Fax:   305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

5

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com   www.fairlawattorney.com